IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROLAND SCOTT, JR.,

                          Petitioner,                OPINION and ORDER

        v.
                                                     18-cr-112-jdp
UNITED STATES OF AMERICA,                            20-cv-472-jdp

                          Respondent.

---

Roland Scott, Jr. has filed a motion for post-conviction relief under 28 U.S.C. § 2255, challenging his conviction and sentence for unlawfully possessing a firearm. He contends that his appellate counsel was ineffective for failing to challenge his conviction in light of the Supreme Court's decision in *Rehaif v. United States*, 136 S. Ct. 2243 (2019). He also contends that his counsel should have challenged the court's calculation of his offense level and the length of his sentence. Scott has also filed several motions to supplement his § 2255 motion and a motion for appointment of counsel.

I will grant Scott's motions to supplement, but I will deny the § 2255 motion because Scott has failed to show that he received ineffective assistance of counsel or that his conviction or sentence are unlawful for any reason. I will deny his request for appointment of counsel as moot.

BACKGROUND

In November 2018, Scott pleaded guilty to violating 18 U.S.C. § 922(g)(1), which prohibits firearm possession by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Scott was sentenced to 96 months

of imprisonment and three years of supervised release. The predicate offense for Scott's § 922(g)(1) conviction was a 2006 Wisconsin felony conviction for substantial battery with intent to cause bodily harm, for which Scott had been sentenced to three years and six months of probation.

Scott, through appointed counsel, raised one issue on direct appeal relating to a term of his supervised release. The Seventh Circuit summarily affirmed his conviction. Scott then filed a pro se motion in the court of appeals asking that new counsel be assigned to challenge his conviction and sentence based on *Rehaif v. United States*, 136 S. Ct. 2243 (2019) and *Johnson v. United States*, 135 S. Ct. 2552 (2015). The court of appeals ordered Scott's appellate counsel to respond. Counsel stated that she had reviewed the records of Scott's state felony conviction and the statements that he made under oath at his federal plea hearing, and that she had concluded that there were no non-frivolous issues to raise on appeal. Dkt. 18. The court of appeals denied Scott's motion for new appellate counsel, and Scott filed a pro se § 2255 motion in this court.

ANALYSIS

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). Scott contends that: (1) his conviction is unlawful under *Rehaif*; (2) his sentence is unlawful under *Johnson*; and (3) his sentence is unreasonably high.

As the government points out, all of Scott's claims are procedurally defaulted because he did not raise them on direct appeal. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir.

2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."). Scott attempts to overcome the default by presenting his claims as claims of ineffective assistance of counsel, arguing that his trial and appellate counsel were ineffective for failing to raise these three arguments on his behalf. *See Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (ineffective assistance of counsel claims may be raised for first time in § 2255 motion). As discussed below, I need not determine whether Scott can overcome his procedural default, because all three of Scott's claims are without merit. Scott was not prejudiced by counsel's refusal to raise meritless claims. *See Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a petitioner to show that counsel's performance was deficient and that he was prejudiced by the deficient performance).

## A. *Rehaif* claim

At the time Scott pleaded guilty to being a felon in possession of a firearm, the government had to prove only that Scott knowingly possessed a firearm. The government was not required to prove that Scott knew that he was a felon. This changed in June 2019, while Scott's appeal was pending, when the Supreme Court clarified the elements of a § 922(g) violation in its decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court held that in a § 922(g) prosecution, the government must prove that the defendant "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. This means that, for a defendant being charged as a felon-in-possession under § 922(g)(1), the government must prove that the defendant knew, at the time that he had the firearm, that he had been convicted of a crime punishable by more than one year of imprisonment. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020).

Scott argues that the *Rehaif* decision requires the court to vacate his conviction and permit him to withdraw his plea. He states that he would not have pleaded guilty to being a felon in possession of a firearm if he had known what the government had to prove to convict him. However, because Scott's *Rehaif* argument is meritless, counsel was not ineffective for failing to raise it.

Scott has no plausible argument that he would have seriously considered going to trial under a post-*Rehaif* interpretation of § 922(g)(1), or that *Rehaif* would have made any difference to the outcome of his case. Scott argues that he did not know, at the time he pleaded guilty to being a felon in possession, that his prior felony conviction prohibited him from possessing a firearm. Pet., Dkt. 1, at 4, 7 (Scott "did not know that he was in a prohibited class"; Scott "did not know that he was a prohibited person at the time of his arrest"); Pet. Br., Dkt. 4, at 4 (Scott "was never informed that, resulting from his prior conviction, he was not allowed to possess a firearm."). But Scott misunderstands the *Rehaif* decision. Under *Rehaif*, the government would not have to prove that Scott knew that he was barred from possessing a firearm; the government would have to prove only that Scott knew that he had been convicted of a felony, meaning a crime punishable by more than one year imprisonment. *Rehaif*, 139 S. Ct. at 2198; *United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020). And the record in this case shows that Scott did know that he had been convicted of a felony at the time that he possessed the firearm.

At the plea hearing, I asked Scott whether he knew that he had a firearm with him at the time of the incident for which he had been charged. Dkt. 46, in 18-cr-112-jdp, at 24–25. Scott responded:

> Yes. I had started carrying a firearm. I didn't—like I say, I didn't know prior to—*I knew I had the felony conviction*. I didn't know I couldn't carry a firearm.

*Id.* (emphasis added). I then explained that Scott did not have to know that he was a "prohibited person," meaning that he did not have to know that he was prohibited from possessing a firearm. I explained that Scott "just had to know that you have the felony and that you have the firearm, and you did know those things." *Id.* at 25. Scott responded, "I had the felony, yes." *Id.*

Scott's statements at the plea hearing were given under oath and are presumed to be true. *See United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012). This exchange makes it clear that Scott knew that he had a felony conviction at the time he possessed the firearm. He admitted to every element of the § 922(g)(1) offense as it has been interpreted post-*Rehaif*. *See United States v. Britt*, No. 1:19-CR-55-HAB, 2021 WL 1889859, at *3 (N.D. Ind. May 11, 2021) (rejecting *Rehaif* challenge where defendant admitted at plea hearing that he knew he was a prohibited individual at the time he possessed a weapon).

Scott's appellate counsel also noted in her letter to the court of appeals that when Scott pleaded guilty to felony substantial battery in Wisconsin state court in 2006, he was clearly told in his plea questionnaire/waiver of rights form that the substantial battery charge carried a 6-year maximum sentence. Dkt. 5-1, at 4. In addition, according to records from a 2005 arrest, Scott denied to the police that he had a gun and "stated that he is a felon and would never possess one." PSI, Dkt. 31, in 18-cr-112-jdp, at 27. Any argument that Scott would have pleaded guilty had he known that the government would have to prove that he knew about his felony conviction would have been frivolous.

Scott was sentenced only to three years and six months of probation for his felony substantial battery conviction. In some circumstances, a person convicted of a felony but sentenced only to probation might have a plausible *Rehaif* argument. *See Rehaif*, 139 S. Ct. at 2198. As the Seventh Circuit has explained, "the government might have some trouble proving beyond a reasonable doubt that this probationer knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year." *Williams*, 946 F.3d at 973. But in this instance, Scott's concession at the plea hearing and the notice that he received from the state court in conjunction with his substantial battery conviction undermine any argument that Scott did not know that he was convicted of a felony.

In short, the record is clear that Scott would have pleaded guilty of being a felon in possession even post-*Rehaif*. Because his *Rehaif* challenge has no merit, counsel did not render ineffective assistance by failing to raise *Rehaif* on appeal.

## B. *Johnson* claim

Scott's second argument is that the court miscalculated his offense level by erroneously treating his Wisconsin substantial battery conviction as a crime of violence. He contends that trial and appellate counsel should have raised a challenge to his offense level under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. The *Johnson* decision did not strike down the "elements clause" of the ACCA, which states that a crime qualifies as a crime of violence if it has as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Scott's *Johnson* argument fails. Scott was convicted of felony substantial battery with intent to cause bodily harm, in violation of Wis. Stat. § 940.19(2), which prohibits the infliction of "substantial bodily harm to another by an act done with intent to cause bodily harm to that person or another." This crime qualifies as a "violent felony" regardless of the residual clause that was struck down in *Johnson*, because it has as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Scott's *Johnson* argument is frivolous, and counsel was not ineffective for failing to raise a *Johnson* argument.

## C. Above-guidelines sentence

Scott's final argument is that his sentence was unreasonable because the court imposed a sentence above the guidelines range. He argues that appellate counsel was ineffective for failing to challenge the above-guidelines sentence. This argument also fails.

Before he was sentenced, Scott acknowledged repeatedly that he knew that the statutory maximum sentence for his offense was 10 years. Dkt. 20 and Dkt. 46, in 18-cr-112-jdp, at 9. I explained to Scott that I could sentence him above or below the guidelines range. Dkt. 46, at 15. At sentencing, Scott's trial counsel argued that based on Scott's background, community and family ties, criminal history, and offensive conduct, Scott should be sentenced within the guidelines range. Dkt. 50, in 18-cr-112-jdp, at 12–13. I imposed a sentence above the guidelines range for several reasons, which I explained thoroughly at the sentencing hearing, including the aggravating circumstances in which Scott possessed the firearm, his extensive history of violence, and the lack of mitigating circumstances. *Id*. at 18–22. Counsel was not ineffective for failing to challenge the sentence on appeal.

In sum, I am denying Scott's motion for postconviction relief because he has failed to show that he received ineffective assistance of counsel or that his conviction or sentence was otherwise imposed in violation of the Constitution or laws of the United States.

## D. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Scott's motion under 28 U.S.C. § 2255 is without merit. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Roland Scott, Jr.'s motions to supplement his petition, Dkts. 4, 5, 7, and 8, are GRANTED.

2. Scott's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

3. Scott is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

4. Scott's motion for appointment of counsel, Dkt. 6, is DENIED.


Entered June 29, 2021.


                              BY THE COURT:

                              /s/
                              _____

                              JAMES D. PETERSON
                              District Judge